IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RODERICK LEBARON KELLY,          :

    Plaintiff,                   :

vs.                              :   CIVIL ACTION 16-614-CG-M

BRANDIN TYRUNE ANTHONY           :
STALLWORTH, *et al.*,
                                 :

    Defendants.


REPORT AND RECOMMENDATION

    Plaintiff Roderick Lebaron Kelly, who is proceeding *pro se* and *in forma pauperis,* commenced this action by filing a handwritten Complaint.  (Doc. 1).  His Motion to Proceed Without Prepayment of Fees was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(1) and (2)(S).[1]  (Doc. 2).  After screening the Complaint, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction, except for the claim based on federal question jurisdiction against Defendant Geico; it is further recommended that this claim against Defendant Geico be dismissed without prejudice,

---

[1] Mr. Kelly's Motion to Proceed Without Prepayment of Fees, which is brought pursuant to 28 U.S.C. § 1915, requires that his Complaint be screened.  28 U.S.C. § 1915(e)(2)(B); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying 28 U.S.C. § 1915 to actions brought by non-prisoners).

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

I.  Nature of Proceedings.

The brief Complaint, filed on December 12, 2016, identifies as Defendants, Brandin Tyrune Anthony Stallworth of Mobile, Alabama; Juanita Gormon, a/k/a Juanita L. Perry, of Mobile, Alabama; and Geico Insurance Company ("Geico") of Chevy Chase, Maryland.  (Doc. 1 at 1).  The incident that gives rise to the Complaint occurred on December 12, 2014.  (*Id.* at 2).  Mr. Kelly alleges that while driving his car, he was stopped behind three cars on Cody Road in Mobile, Alabama, when Mr. Stallworth struck his car from behind.  (Attached to the Complaint is a copy of the police report.)  As a result of the accident, he claims that he cannot perform tasks required to operate his real estate and construction business, People's Choice Real Estate and Construction, Inc.  (*Id.*).  He is suing for $10 million for his pain and suffering, lost income, future earnings, and anything else to which he is entitled.  (*Id.*).

Mr. Kelly further states that Geico is included as a Defendant because it was negligent in handling the matter, "possibly discriminatory dismissal of the matter compounding and delaying any resolution beyond this law suit."  (*Id.* at 3).

II. Analysis.

   A.  Authority to Dismiss Prior to Service of Process.

In reviewing an action on its docket, a court's first consideration is to inquire into its subject matter jurisdiction. *United States v. Denedo,* 556 U.S. 904, 909, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009). A court's jurisdiction is limited by the Constitution and Congress to only hear certain actions. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "Because a federal court is powerless to act beyond its . . . grant of subject matter jurisdiction, a court . . . should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

And when a plaintiff seeks leave to proceed *in forma*

*pauperis*, the Court is required to screen the complaint to determine if it should be dismissed because it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  Dismissal is also warranted under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim, the factual allegations in the complaint need not be detailed but "must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  There must be sufficient factual allegations to show that the claim is plausible, *id.* at 557, 127 S.Ct. at 1966, and that the defendant is liable for the misconduct.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

    B.   <u>Diversity of Citizenship Jurisdiction</u>.

In a federal civil action, a plaintiff must set forth in his complaint the basis for the federal court's subject matter

jurisdiction.  *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see* Fed.R.Civ.P. 8(a)(1) (requiring that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction").  This statement must reflect that the court has subject matter jurisdiction based on diversity of citizenship or federal question.  *Taylor,* 30 F.3d at 1367.[2]

Because Mr. Kelly did not identify any statute or jurisdictional basis under which he is proceeding, the Court will examine the two sources on which its jurisdiction is generally based.  Looking first at diversity of citizenship jurisdiction, the complaint must reflect that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States. . . . "  28 U.S.C. § 1332(a)(1).  "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' – the citizenship of every plaintiff must be diverse from the citizenship of every defendant."  *Legg v. Wyeth,* 428 F.3d 1317, 1321 n.2 (11th Cir. 2005).  Diversity jurisdiction exists only when "there is no plaintiff and no defendant who are citizens of the same State."  *Wisconsin Dep't of Corrs. v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d

---

[2]  This jurisdictional requirement is reflected in the sample complaint contained in this Court's *Pro Se Litigant Guide*.  It appears that Mr. Kelly obtained a copy of the *Guide* because page 4 of his Complaint is a page from the *Guide*.  (Doc. 1 at 4).

364 (1998) (holding diversity of citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant).

In the present action, it appears that Mr. Kelly is a resident of Alabama and that Defendants Stallworth and Gormon are Alabama residents as well. (*Id.* at 1). Thus, it appears that the citizenship of these Defendants and Mr. Kelly are not diverse, and therefore the Court lacks diversity of citizenship jurisdiction over this action.

    C.   Federal Question Jurisdiction.

"Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk Cty. Sch. Bd.,* 129 F.3d 560, 566 (11th Cir. 1997). Under federal question jurisdiction, district courts are given "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton,* \_\_\_U.S. \_\_\_, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013).

Two exceptions to a court having federal question jurisdiction are: "where the federal question 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and

frivolous.'"  *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 (5th Cir.),[3] *cert. denied*, 436 U.S. 946 (1978). With respect to the latter, even though a claim may not be foreclosed by prior decisions, the claim must be more than frivolous to support federal question jurisdiction.  *Id.* at 242. The substantiality of such a claim is determined through a rigorous test inquiring into whether there is a plausible foundation that federal jurisdiction exists, or stated another way, "whether there is any legal substance to the position the plaintiff is presenting."  *Id.*

"Under the longstanding well-pleaded complaint rule, . . . , a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."  *Vaden v. Discover Bank,* 556 U.S. 49, 60, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009) (brackets in original). Even though the Court will hold Mr. Kelly's Complaint to a more lenient standard than it would an attorney, *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments v. County of*

---

[3] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds Randall v. Scott,* 610 F.3d 701, 710 (11th Cir. 2010).

In considering whether federal question jurisdiction provides a basis for the present action, the Court examined the law and was unable to find that a federal question existed with respect to the claims against Defendants Stallworth and Gormon. As alleged, these claims against Defendants Stallworth and Gormon are the type of claims that would typically be addressed in the state court system.

And, with respect to the claim against Defendant Geico, the factual information is scant, and the allegations are vague and conclusory. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that vague and conclusory claims are subject to dismissal). This lack of information causes the Court to question the substantiality of the claim against Defendant Geico. Nonetheless, the Court cannot find that this claim is "obviously frivolous," "plainly insubstantial," "legally speaking non-existent," or "essentially fictitious," *Shapiro v. McManus,* ___ U.S. ___, 136 S.Ct. 450, 455-56, 193 L.Ed.2d 279 (2015), and, therefore, the Court cannot find that it is without federal question jurisdiction over this claim against Defendant Geico.

However, considering the allegations, the Court finds that a claim has not been stated against Defendant Geico. As pled, the allegations do not convey a plausible claim. *Twombly,* 550 U.S. at 557, 127 S.Ct. at 1966. A plausible claim contains enough facts to "nudge [the claim] across the line from conceivable to plausible." *Id.* at 570, 127 S.Ct. at 1974. "[T]o raise [the] right to relief above the speculative level," and "possess enough heft to 'sho[w] that the pleader is entitled to relief[,]'" *id.,* 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966, facts must be pled from which a reasonable inference can be made that the defendant is liable for an unlawful deprivation. *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. Here, in the one sentence lodged against Defendant Geico for the "negligent" handling of his claim and the "possibl[e] discriminatory dismissal" of his claim, a clear claim is not conveyed, much less a claim that is plausible. That is, Mr. Kelly's allegations make legal conclusions of "negligent" and "discriminatory" and provide no facts to support his conclusions. Thus, a claim has not been stated against Defendant Geico.[4]

---

[4] Due to the lack of facts and of a reference to a statutory provision, the Court is not aware of the provision under federal law on which Mr. Kelly wants to proceed. With this provision not being identified by him, or being capable of being identified by the Court, the corresponding statute of

III.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction, except for the claim based on federal question jurisdiction against Defendant Geico; it is further recommended that this claim against Defendant Geico be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. *See* Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (finding that a dismissal for lack of subject matter jurisdiction is entered without prejudice).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

---

limitations cannot be ascertained by the Court.  The Court, therefore, cannot advise or warn Mr. Kelly if he will encounter a statute of limitations' problem if this action is dismissed and he re-files the action at a later date.
  Additionally, Mr. Kelly is advised that if his claims were initially filed in state court and he received an unfavorable result from the state court (including the appellate courts), this Court generally would not have subject matter jurisdiction over his claims, because this Court does not sit as an appellate court over the state court system.  *Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 1200, 163 L.Ed.2d 1059 (2006) ("[U]nder what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.").

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 16th day of December, 2016.

                                    _____
                                    BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE